UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIENNE HOWARD,<br><br>                 Plaintiff,<br>    v.<br><br>NAVIENT SOLUTIONS, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,<br><br>                 Defendants. | CASE NO. C18-5333 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NAVIENT SOLUTIONS, LLC'S MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendant Navient Solutions, LLC's ("Navient") motion to compel arbitration. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 27, 2018, Plaintiff Adrienne Howard ("Howard") filed a complaint against Navient, Experian Information Services ("Experian"), and Equifax Information Services ("Equifax") (collectively "Defendants") asserting causes of action against each

ORDER - 1

defendant under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FRCA"). Dkt. 6. On August 9, 2018, Navient moved to compel all parties to arbitration. Dkt. 25. Navient also requests an order dismissing or staying this proceeding pending the outcome of the arbitration. *Id.* On August 27, 2018, Howard responded, and Experian and Equifax jointly responded. Dkts. 28, 29. On August 31, 2018, Navient replied. Dkt. 30.

## II. FACTUAL BACKGROUND

Navient is a student-loan servicer formerly known as Sallie Mae, Inc. Dkt. 25 at 2. Howard is a borrower of student loans. Dkt. 26. Equifax and Experian are consumer credit reporting agencies as defined under the FCRA. *Id.* Navient and Howard have a relationship with respect to three private student loans Howard entered into in May 2007, February 2008, and September 2008. *Id.* Each loan is associated with a promissory note ("Note"), and each Note contains an arbitration agreement clause. *Id.* While the arbitration agreements have substantially similar provisions, the arbitration agreement in the September 2008 Note ("the Agreement") controls as last-in-time. Dkt. 26-1 at 41.[1] The Agreement provides that:

> **"Claim"** means any claim, dispute or controversy between you and me that **arises from or relates in any way to the Note**, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure and other document relating in any way to this Note or the transactions evidenced by the Note; (4) any insurance or other

---

[1] Unless otherwise indicated, all citations to pagination correspond to the pagination indicated by the individual document heading in the Court's electronic court file, accessible through the CM/ECF system.

> service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, **negligence or other torts, or violation of statute, regulation or common law.** It includes disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court.

*Id.* § 4. It is undisputed that Howard signed the Note; it is also undisputed that Howard failed to opt out of the Note's arbitration clause. Dkt. 26.

In 2010, Howard and her then-husband filed for bankruptcy, Dkt. 6, ¶ 7, and brought an adversary action against Sallie Mae contesting the non-dischargeability of Howard's student loans. *Id.* Howard and Sallie Mae eventually agreed to a stipulated settlement that consolidated Howard's loans under the three Notes and reduced their principle balance. *Id.* ¶ 8. The bankruptcy court approved the settlement, and the case was dismissed. *Id.* Howard contends that, from 2011 on, first Sallie Mae and then Navient failed to report Howard's updated and reduced loan balance to the credit reporting agencies. *Id.* Because Sallie Mae and Navient failed to report Howard's lowered balance, they also reported her loans as delinquent when she made payments in amounts that had been approved under the settlement agreement, but were lower than payment amounts she owed prior to the settlement. *Id.* ¶¶ 8–11. Howard has disputed Navient's reporting

related to her loans for years. *Id.* ¶ 11. Howard further alleges that Navient's inaccurate reporting of the consolidated loan balance caused Experian and Equifax to report various delinquencies on Howard's credit report, and Howard's disputes over those reports are the subject of her FCRA claims against Experian and Equifax. Dkt. 6.

While Experian and Equifax do not take a formal position on Navient's motion to compel Howard to arbitration, they oppose their inclusion. Dkt. 29. Experian and Equifax were not parties to the underlying loan transactions between Howard and Sallie Mae which gave rise to the Note, nor did they agree to be bound by the Agreement's terms. *Id.*

### III. DISCUSSION

**A.     Standard**

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA supports a liberal policy favoring arbitration, and reinforces the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). The FAA requires courts to "rigorously enforce" agreements to arbitrate, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985), to ensure that private contractual provisions "are enforced according to their terms." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (quoting *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

The party seeking to compel arbitration has the burden of proving that an arbitration agreement exists and that it applies to the dispute at issue. *Ashbey v. Archstone*

*Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)). As discussed below, the Court concludes that Navient met its burden in relation to Howard, but not as to Experian or Equifax.

**1.     Howard**

Howard argues that she brings no arbitrable claim under the Agreement, asserting that her cause of action does not arise from Navient's failure to comply with its duties under the Note, but instead stem from Navient's failure to report accurate information after the settlement submitted in the bankruptcy proceedings, despite Howard's performance. Dkt. 28 at 3:18–24. Alternatively, Howard argues the Agreement is unconscionable under Washington law. Because the Court concludes that Howard's claims arise from Navient's performance of its duties under her Notes, and that the Agreement is not substantively unconscionable, the Court compels Howard to arbitrate her claims against Navient.

      **a.     Because Howard's claims relate to her promissory Notes, the arbitration Agreement controls**

Under the FAA, this Court must enforce valid arbitration agreements that apply to disputes at issue before it. *Ashbey*, 785 F.3d at 1321. The parties disagree over the Agreement's application to Howard's FCRA claims. Howard attempts to avoid arbitration by limiting the scope of her claims to Navient's misreporting of her obligations after the bankruptcy settlement, which allowed Howard to pay a reduced balance. Dkt. 6, ¶¶ 8–11.

The Agreement is phrased to cover any claim that "**arises from or relates in any way to the Note.**" As stated by Howard, her claims allege that Navient violated its reporting and investigative duties under the FCRA in failing to accurately report the amounts Howard owed after the settlement. Yet the settlement stipulation itself was directly related to the Notes, because the settlement consolidated them into a reduced balance without formally amending or superseding the Notes themselves.[2] Therefore, even though Howard only challenges Navient's reporting actions on the Notes after the date of settlement, it remains that she impliedly challenges the amounts she owes under the Notes themselves. Indeed, any challenge Howard makes against Navient's reporting or investigatory actions on the loans are inherently related to the underlying promissory Notes. Because the settlement relates to the Notes, so too do Howard's claims here.

Moreover, "although gateway issues of arbitrability presumptively are reserved for the court, the parties may agree to delegate them to the arbitrator." *See, e.g., Howsam v.*

---

[2] The stipulated settlement also included a provision that states: "[e]xcept as provided in this Stipulation, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference." *See* Stipulation in Settlement of Adversary Proceeding at 4, Howard v. Sallie Mae, Inc. (*In re* Howard), Adv. Proc. No. 10-04314 (Bankr. W.D. Wash. Oct. 4, 2011). Neither party filed the stipulated settlement, but the Court takes judicial notice of its contents *sua sponte*. *See Shetty v. Wells Fargo Bank, NA*, 696 F. App'x 828, 829 (9th Cir. 2017) (district court did not abuse discretion by taking judicial notice of federal and state court proceedings), *cert. denied sub nom. Shetty v. Wells Fargo Bank, N.A.*, 138 S. Ct. 705 (2018); *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (setting forth standard of review); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)); Fed. R. Evid. 201(b)(2).

*Dean Witter Reynolds, Inc.*, 537 U.S. 83, 83–85 (2002); *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). As demonstrated by the Agreement, the parties here intended to have the threshold question of arbitrability determined by an arbitrator. *See* Dkt. 26-1 at 41 ("this includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration agreement or this Note."). This provides an alternate basis for the Court to compel arbitration. *See Momot v. Mastro*, 652 F.3d 982, 985 (9th Cir. 2011) (finding that the district court erred in failing to enter a stay when unambiguous terms demonstrated the parties' intent to bring threshold challenges to arbitration in an arbitral forum). Thus, Navient has met its burden to establish that the Agreement applies to Howard's dispute.

### b. The Agreement is not unconscionable

Howard argues that the Agreement is substantively unconscionable because it contains a unilateral right of appeal and a class waiver provision. Dkt. 28, 4–5. When determining whether a valid agreement to arbitrate exists, the courts apply the applicable state law of contract formation. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Here, the lender Howard used was located in Utah, and the Note states that Utah law applies. Dkt. 26-1 at 39.[3] In Utah, substantive unconscionability is indicated by contract terms so one-sided as to oppress or unfairly surprise an innocent party. *Resource Management Co. v. Weston Ranch and Livestock Co., Inc.*, 706 P.2d

---

[3] In their opening briefs, Navient and Howard mistakenly assume that Washington law applies to the question of contract formation. *See* Dkts. 25, 28. Experian and Equifax correctly note that Utah law controls, Dkt. 29, and Navient impliedly concedes this in reply. Dkt. 30.

1028, 1041 (Utah 1985). Howard is mistaken in that no unilateral right of appeal is created by the mutual language of the Agreement, and class waiver provisions have been upheld within Utah and the Ninth Circuit. *See Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072 (9th Cir. 2014) (enforcing class waiver in arbitration agreement when plaintiff had option to opt out of agreement); Utah Code Ann. § 70C-4-105 (West 2006) (codification of the validity of class action waivers in open-end consumer credit contracts). Further, neither the class waiver provision nor the language presumably creating a unilateral appellate right are oppressive. The Court concludes that Howard has failed to show that the Agreement is unconscionable, and grants Navient's motion to compel Howard to arbitration.

### 2. Equifax and Experian

Neither Experian nor Equifax are signatories to the underlying Note or Agreement, yet Navient seeks to use estoppel to compel them to arbitration. Dkt. 25, 13–15. Such a holding would require the Court to extend *Ellsworth v. American Arbitration Ass'n*, 148 P.3d 983, 989 (Utah 2006), which Navient acknowledges. The estoppel exception seeks to prevent a non-signatory from avoiding arbitration when the non-signatory seeks to benefit from some portions of a contract but to avoid its arbitration provisions. *Ellsworth*, 148 P.3d at 989. As Navient's argument goes, the Court should bind the credit-reporting agencies to arbitration because Experian and Equifax derive a benefit from the Note, and because the facts of Howard's claims are intertwined. However, as the *Ellsworth* court points out, in cases implementing non-signatory estoppel, the non-signatory party sued a signatory on the contract, yet sought to avoid the contract's arbitration provisions. *Id.*

That is inapposite here, where signatory Howard sued non-signatories Experian and Equifax. Accordingly, the Court declines to extend the non-signatory estoppel exception and concludes that while Howard is bound by the arbitration agreement contained in the Note, as non-parties, Experian and Equifax are not.

### 3. Appropriate Relief

Once the court determines that the issues before it are suited to arbitration, § 3 of the FAA requires the court to stay litigation upon application of a party, until the arbitration has concluded. 9 U.S.C. § 3. Navient has requested such a stay, and so have Experian and Equifax. Dkts. 25 at 1–3; 29 at 5:5–6. Thus, a stay is warranted.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Navient's motion to compel arbitration is **GRANTED** in part and **DENIED** in part. Howard's claims against Navient are compelled to arbitration, and Howard's claims against Experian and Equifax are stayed pending its completion. The parties shall inform the Court when arbitration is completed, and the Clerk shall administratively close the case for statistical purposes.

Dated this 18th day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge